**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MICHAEL DEMEO, et al.,

                         Plaintiffs,          **REPORT AND
                                                                    RECOMMENDATION**

      - against -
                                                       10-CV-2276 (NGG) (JO)

VITO SANTANGELO, et al.,

                        Defendants.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

On July 29, 2010, plaintiffs Michael DeMeo and Rachel DeMeo (the "DeMeos") filed an Amended Complaint that named as defendants four married couples: Carol and Vito Santangelo (the "Santangelos"), Stephano and Marie Morelli (the "Morellis"), Thomas and Marie Dale (the "Dales"), and Barbara and Anthony Pepe (the "Pepes"). Docket Entry ("DE") 17. All of the parties are appearing *pro se*. All defendants now seek to dismiss the Amended Complaint on the ground that the DeMeos lack standing, that their claims are time-barred, and that the pleading fails to state a viable claim. *See* DE 18 (joint motion by the Pepes); DE 19 (joint motion by the Dales); DE 20 (joint motion by the Morellis and the Santangelos). On August 19, 2010, the Honorable Nicholas G. Garaufis, United States District Judge, referred the motions to me for a report and recommendation. DE 22. I now make my report and, for the reasons set forth below, respectfully recommend that the court dismiss the Amended Complaint in its entirety with prejudice.

I.     Background

The record reveals the existence of a long-standing series of disputes among the children (and sons- and daughters-in law) of the late Anna DeMeo Morelli ("Anna") and the late Agostino Morelli ("Agostino"). Specifically, plaintiff Michael DeMeo and defendant Barbara Pepe are full siblings and the children of Anna and her first husband (whose name does not appear in the

record). Plaintiff Rachel DeMeo and defendants Marie Dale and Stephano Morelli are full siblings and the children of Agostino and his first wife (whose name also does not appear in the record). After the deaths of Anna's first husband and Agostino's first wife, Anna's son Michael married Agostino's daughter Rachel. Anna and Agostino also married each other (although the pleadings do not specify whether that marriage occurred before or after that of the two plaintiffs); defendant Carol Santangelo is their daughter. Agostino apparently died in 1993, *see* Amended Complaint ¶¶ 27-33 & 56, and Anna died shortly before this lawsuit began, on April 2, 2010. *Id.* ¶ 56.

Briefly stated, the plaintiffs contend that Agostino gravely mistreated the members of his family – including plaintiff Rachel DeMeo, some of the defendants, and plaintiff Michael DeMeo's mother Anna – in a variety of ways, although they do not explicitly state how, if at all, that entitles them to any recovery from any of the defendants. The plaintiffs further allege that after Agostino's death, the several defendants also mistreated Anna, in part by charging her rent for her residence, despite an alleged contract pursuant to which she was entitled to stay in the apartment without making any such payments. In addition, the plaintiffs assert that the defendants engaged in coercive tactics that caused Anna to withdraw a petition to inherit property from Agostino's estate, and that they repeatedly forced Anna to revoke a power of attorney she had at various times conferred on Michael DeMeo. Finally, Rachel DeMeo claims that she has never been compensated for caring for her siblings when they were children and protecting them from Agostino's abuse.

The plaintiffs assert three legal bases for their claims. First, they invoke the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961, *et seq*. Second, they cite "Chapter 13 Section 241 of the civil rights code[,]" from which I infer that they seek to allege a criminal violation of the "Conspiracy against rights" statute codified in Section 241 of Title 18 (not

2

13) of the United States Code.[1] Finally, the plaintiffs purport to assert claims under Title 42, Section 1985 of the United States Code, which relates to conspiracies to interfere with the civil rights of citizens. *See* Amended Complaint at 1.

The proceedings to date reveal several different forms of relief that the plaintiffs may be seeking. The Amended Complaint begins by noting that the plaintiffs seek "actual damages" as well as "relief pursuant to" the various statutes they invoke. *Id*. Consistent with that assertion, the plaintiffs explicitly seek an award of treble damages "if applicable ... under the law." *Id*. at 17; *see also* 18 U.S.C. § 1964(c). Similarly, the Amended Complaint includes in its prayer for relief a specific request for one million dollars, but explicitly states that it seeks such relief "against the estate of Agostino Morelli" – even though that estate is not a party. Amended Complaint at 16. It also requests a temporary injunction to halt the sale of "the estate's property at 17 Diaz Place, Staten Island, New York 10306 until this matter is resolved." *Id*.

In contrast to the remedies described above, the plaintiffs presented a somewhat different set of requests at the initial conference on July 20, 2010. Indeed, Michael DeMeo explicitly disavowed any claim for damages for himself, and instead made clear that he seeks redress for the harms he believes the defendants and Agostino did to others:

> THE COURT: ... What do you think is at issue here?
>
> MR. DeMEO: More importantly is at least to recuperate some of the money or all of the money that she [Anna] was not supposed to be paying with her rent. And to bring out just another point, Your Honor: There are other people in this family who have suffered, and I think there should be reparations for them as well.
>
> THE COURT: One concept that's important to understand is that none of us gets to litigate somebody else's rights....
>
> ... What was done to you? How did you suffer?

---

[1] The Title 13 provision relates to evidentiary rules in certain prosecutions. *See* 13 U.S.C. § 241.

> MR. DeMEO: Well, I guess you might say, as a son, I suffered and I witnessed this abuse over the course of many years. And it was hard for a son to watch his mother be ridiculed, to be called stupid, and I can go on for hours.
>
> THE COURT: ... So what is it you are seeking for yourself?
>
> MR. DeMEO: I have no personal gain in this, Your Honor.
>
> THE COURT: Okay. So you don't want anything for yourself.
>
> MR. DeMEO: No.
>
> THE COURT: What is it you want to result from the case?
>
> MR. DeMEO: Well, there is another issue. This is why my wife Rachel is here with me.[2] She took care of most of these defendants here since she's a little girl of 12 years old....
>
>> ... So she has a personal interest as a young person who sacrificed ... a good part of her life to these defendants ....
>>
>> So I was hoping – my objective was to see if I can recuperate, as a token of gratitude, something for my wife, not for me personally.

DE 15 ("Tr.") at 12-14.[3]

At the initial conference, I discussed with the parties certain issues relating to the potential viability of the plaintiffs' claims, including the fact that Michael DeMeo appeared to be seeking redress for harms either suffered by others or caused by the late Agostino Morelli, the fact that the

---

[2] Rachel DeMeo was not a named plaintiff in the original Complaint that was pending at the time of the initial conference.

[3] The plaintiffs made no mention at the initial conference of the request for injunctive relief concerning the Staten Island property. According to public municipal records of which the court may take judicial notice, the property at issue was transferred on May 20, 2005, from Agostino's estate (acting through its executor, defendant Stephano Morelli) to defendants Stephano Morelli and Carol Santangelo. *See* ACRIS Detailed Document Information, New York City Dept. of Finance, http://a836-acris.nyc.gov/Scripts/DocSearch.dll/Detail?Doc_ID=2005051201338001 (last visited Feb. 26, 2011). The record reveals no evidence that any defendant plans to transfer the property while this action is pending. In any event, if the court accepts my recommendation and dismisses the case, the plaintiffs' request for temporary injunctive relief will be moot. The plaintiffs also made no mention at the initial conference of other forms of relief that were included in the then-pending original Complaint that they later omitted from the Amended Complaint. *Compare* DE 1 (Complaint) at 17-18 *with* Amended Complaint at 16-17.

events giving rise to his claims appeared to have ended many years ago, and my perception that the plaintiffs appeared to be asserting claims that were not legally cognizable. In light of those potential problems and the fact that none of the parties was represented by counsel, the parties agreed to defer submitting dispositive motions and first allow the plaintiffs an opportunity to file an Amended Complaint in which he would make his best effort to cure the defects in his original Complaint and assert one or more cognizable claims.[4] The parties also agreed that they would then litigate the instant dismissal motions before beginning discovery. *See* DE 14; Tr. at 21-23.

The plaintiffs filed their Amended Complaint on July 29, 2010. DE 17. The defendants then filed the motions on August 12 and 16, 2010. DE 18; DE 19; DE 20. The plaintiffs submitted their response on August 30, 2010. DE 26. I heard oral argument on September 16, 2010. DE 29.

II. Discussion

Although the *pro se* defendants do not cite any specific legal authority in seeking to dismiss the claims against them, their respective submissions make clear their shared position that the Amended Complaint is subject to dismissal because it fails to state a claim upon which relief can be granted. I therefore deem all of the motions to seek relief pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, I "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008) (citation omitted).[5] Moreover, despite the fact that this is the rare case where no party is represented by counsel, in considering

---

[4] Prior to the initial conference, the Dales had already moved to dismiss the initial Complaint. DE 8; *see* Tr. at 4. In light of the parties' agreement at the initial conference and the subsequent filings, I respectfully recommend that the court deny that pending motion as moot.

[5] To the extent that some of the defendants seek to contradict the DeMeos' allegations or assert additional facts outside the pleadings, I recommend excluding those portions of their submissions so that the court can assess the dismissal motions as such rather than convert them to motions for summary judgment. *See* Fed. R. Civ. P. 12(d).

5

the instant motions I apply exclusively in the plaintiffs' favor the rule that a *pro se* litigant's filings must be construed liberally and interpreted as raising the strongest arguments they suggest. *See Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009).

The court should deny the motions only if the Amended Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, where, as here, the defendants seek to dismiss claims on the ground that they are time-barred, the court may grant such relief only if the complaint's factual allegations, with all reasonable inference drawn in the plaintiffs' favor, clearly show that the claim is untimely. *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir.1999); *St. John's University, New York v. Bolton*, --- F. Supp. 2d ----, 2010 WL 5093347, at *15 (E.D.N.Y. Dec. 10, 2010) (citations omitted). In other words, dismissal on timeliness grounds is permissible only where a plaintiff, in essence, "pleads itself out of court." *In re marchFIRST Inc.*, 589 F.3d 901, 905 (7th Cir. 2009). Applying the standard described above leads me to conclude that the court should dismiss the Amended Complaint.

As a threshold matter, it appears that Michael DeMeo has no standing to pursue any of his claims. Virtually all of the conduct about which he complains allegedly caused harm to his mother and, to a much lesser extent, to his wife – harms that he undoubtedly found personally upsetting but that were not visited directly upon him. *See Hall v. Wooten*, 506 F.2d 564, 566 (6th Cir. 1974) (one person may not sue for the deprivation of another person's civil rights); *see also Robinson v. McCorkle*, 462 F.2d 111, 114 (3d Cir.), *cert. denied*, 409 U.S. 1042 (1972) (parents may not sue under § 1985 for emotional distress arising from alleged violations of son's civil rights); *Pierce v. Stinson*, 493 F. Supp. 609, 611 (E.D. Tenn. 1979) (parents may not sue in their individual capacity

based on violation of sons' civil rights). Indeed, Michael DeMeo explicitly acknowledged that he seeks no relief for himself. Tr. at 13. Moreover, because he does not purport to be acting in any official capacity on behalf of his mother's estate – and has acknowledged that he is not its executor, *see* Tr. at 7-8, 11 – it is clear he has no standing to seek relief for injuries the defendants and others allegedly caused to Anna's interests.[6] In the absence of any redressable injury to Michael DeMeo personally or in any official capacity, and in the absence of any request for personal relief, his complaints about the way his late step-father and the defendants allegedly treated his mother and his wife should be dismissed. *See*, *e.g.*, *Monsanto Co. v. Geertson Seed Farms*, 130 S. Ct. 2743, 2752 (2010) ("Standing under Article III of the Constitution requires that an injury be ... redressable by a favorable ruling.") (citing *Horne v. Flores*, 129 S. Ct. 2579, 2591-92 (2009)); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).[7]

A further reason to dismiss at least part of the Amended Complaint is that the plaintiffs' civil rights claims are plainly time-barred. The statute of limitations for claims brought in New York under 42 U.S.C. § 1985 is three years. *See Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004) (citations omitted); *Hussain v. Commissioner (John Doe) of Nassau County Police Dept.*, 368 F. Supp. 2d 216, 218 (E.D.N.Y. 2005) (citations omitted). Such a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of*

---

[6] The closest Michael DeMeo comes to alleging conduct that had an effect on him is his assertion that on three separate occasions, some of the defendants cause Anna to revoke the durable power of attorney she had conferred on him. *See* Amended Complaint ¶¶ 13, 20, 34-35; Tr. 16-17. Even that does not appear to be the kind of occurrence that can confer standing on the person so displaced; as the erstwhile holder of a power of attorney, Michael DeMeo gained nothing more than the ability to act in Anna's place and protect her interests. If he was wrongfully ousted from that position, the harm was to Anna (assuming the ouster actually resulted in her interests being guarded less assiduously in her son's absence), not to him.

[7] Although Rachel DeMeo's claims, which she characterizes as an "appeal for compensation in the Estate of my late father" Agostino, DE 17-1 at 11 (Affirmation of Rachel DeMeo) ("R. DeMeo Aff."), are subject to dismissal for other reasons, they do not fail for want of standing.

*Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotations and citations omitted). Accordingly, to be timely, the plaintiffs' claims under Section 1985 must have accrued no later than 2007. However, with one exception, all of the conduct alleged in the Amended Complaint occurred over a decade ago. Michael DeMeo complains of conduct by Agostino, who died in 1993, and of events surrounding the handling of his estate up through the year 2000. Rachel DeMeo complains of events from her childhood and early in her marriage to Michael DeMeo, all of which plainly took place long before 2007. Further, the Amended Complaint makes clear that the plaintiffs knew of the conduct about which they now complain at the time it occurred. Indeed, in an affirmation appended to the Amended Complaint, *see* DE 17-1 at 18-21 ("M. DeMeo Aff."), Michael DeMeo – in the course of explaining seemingly inapposite passages of his original Complaint, the factual allegations of which are essentially identical to those of the Amended Complaint – acknowledges that "[t]his complaint was prepared several years ago[.]" M. DeMeo Aff. at 1. Likewise, in accusing the defendants of "stealing [the plaintiffs'] rightful share of [Agostino's] estate[,]" R. DeMeo Aff. at 16, Rachel DeMeo refers to events occurring "[s]hortly after [Agostino's] death" in 1993. *Id.*

The only conduct that the plaintiffs allege occurred within the last decade is that some of the defendants required Anna to pay rent for her home up until the time of her death in 2010, in violation of an agreement that she could live there rent-free. Amended Complaint ¶¶ 3, 7. While the latter fact might suffice to render the RICO claim timely, the allegation has no bearing on the civil rights claim. Accordingly, to the extent the plaintiffs seek redress for the violations of their civil rights as such – whether under 42 U.S.C. § 1985 or the criminal provisions of 18 U.S.C. § 241 (which has a five-year limitations period, *see* 18 U.S.C. § 3282(a), but which does not, in any

8

event, confer a private right of action, *see, e.g.*, *Hill v. Didio*, 191 Fed. Appx. 13, 14 (2d Cir. 2006)) – I respectfully recommend that the court dismiss their claims as time-barred.[8]

Even in the absence of such procedural bars, I conclude that the court should dismiss the Amended Complaint on the merits because none of the plaintiffs' claims is legally cognizable, even under the most liberal reading. First, Michael DeMeo's civil RICO claim fails for the same reason he lacks standing: he does not and cannot allege that he has been "injured in his business or property by reason of a violation of" the RICO Act's criminal prohibitions. 18 U.S.C. § 1964(c). Even if a liberal construction of the Amended Complaint would permit the court to infer a sufficient allegation of such a criminal violation, the pleading clearly conveys that the only resulting injuries to business or property were suffered by Anna alone.

Second, neither Michael DeMeo's allegations concerning Agostino's and the defendants' mistreatment of Anna, nor Rachel DeMeo's allegations concerning her thankless efforts to protect the defendants from Agostino's abuse, suffice to state any manner of civil rights claim. As noted above, the criminal prohibition of 18 U.S.C. § 241 confers no private right of action at all. And to the extent the plaintiffs assert that the defendants conspired to deprive them of civil rights within

---

[8] I do not recommend that the court dismiss the RICO claim as untimely. I infer that the DeMeos intend to accuse the defendants of participating in the conduct of the affairs of an enterprise – in this case an ad hoc association-in-fact consisting of themselves and, until his death, Agostino – through a pattern of unlawful acts that would fall within the statutory definition of racketeering activity. To the extent that the allegations concerning Anna's rent payments reflect the plaintiffs' belief that the defendants (excluding the Dales) used extortionate means to compel Anna to pay them rents to which they were not entitled, *see* Amended Complaint ¶ 3, it seems likely that such conduct could qualify as a series of racketeering acts. *See* 18 U.S.C. § 1961(1)(A) (defining "racketeering activity" to include any felonious act or threat involving extortion under state law) Accordingly, construing the Amended Complaint liberally and drawing all inferences in the DeMeos' favor, I conclude that it does allege that the defendants engaged in racketeering activity within the limitations period. While that conclusion precludes dismissal of the RICO claim as time-barred, I nevertheless recommend that it be dismissed because it is clear that Michael DeMeo has no standing to assert it and because it fails to state a viable claim on the merits.

the meaning of 42 U.S.C. § 1985, their Amended Complaint plainly demonstrates that they have no legally viable claim.

To state a claim that the defendants conspired to violate their civil rights, the plaintiffs must allege:

> (1) a conspiracy; (2) an intent or purpose to deprive a person of equal protection of the law; (3) an act in furtherance of the conspiracy; and (4) an injury to a person, including injury to property, person, or constitutional right. A § 1985(3) "conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action."

*McKnight v. Middleton*, 699 F. Supp. 2d 507, 531 (E.D.N.Y. 2010) (internal citations omitted; quoting *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007)). Even assuming that the Amended Complaint adequately alleges (or can be construed to intend to allege) the existence of a conspiracy among the defendants and actions in furtherance of such an agreement, it does not satisfy the remaining elements. The Amended Complaint tells a story of abuse and ill-will among the members of a dysfunctional extended family – but it contains no allegation that even arguably suggests that either the conspiracy or its members' actions were motivated by any discriminatory animus based on race or other invidious classification.

Moreover, virtually all of the acts of which the plaintiffs complain were either committed by non-party Agostino or directed against non-party Anna; there is nothing in the Amended Complaint to suggest that the named defendants conspired or acted in derogation of the civil rights of either of the two individual plaintiffs. Michael DeMeo explicitly acknowledged that the defendants' actions were directed only against others. Indeed, in the Amended Complaint's "Summation," *see* Amended Complaint at 13-16, the plaintiffs contend that "Anna Morelli never received her day in court[.]" *Id*. at 15; *see also* M. DeMeo Aff. at1 (acknowledging that Michael

10

DeMeo has turned to this court as "the last forum where I can find justice for both my mother and my wife Rachel").

Although Rachel DeMeo does seek redress for herself, it is equally clear that she, too, fails to state a cognizable claim. The sole allegation concerning Rachel DeMeo in the Amended Complaint – much of which is written as a first-person narrative from Michael DeMeo's perspective – is the following: "Plaintiff Rachel Morelli DeMeo was a victim of child abuse. See Attached affirmation." Amended Complaint ¶ 5. The referenced affirmation sets forth an extended discussion of the adversity Rachel DeMeo faced as Agostino's daughter and the ways she sought to shield her siblings from his abuse; her father's opposition to her marriage to Michael DeMeo; and Agostino's mistreatment of Anna. *See* R. DeMeo Aff. at 11-17. The affirmation's sole allegations of misconduct by any of the defendants are contained in the following passage:

> After [Agostino's] death [Anna] convinced me the defendants wanted to make a final peace[.] [W]hen I arrived at the funeral parlor, I was taunted, ridiculed, [and] insulted to the point that I became physically sick and severely depressed; eight months later I was diagnosed with colon cancer [for which, doctors suggested,] stress and grief may have been a contributing factor.
>
> I have sacrificed my youth and given up my education and lifelong ambition to become a nurse. I kept my younger brothers and sister from going into foster care.
>
> Marie Dale and Stefano [sic] Morelli required extra care[.] Marie was three years old when my mother died[.] Stefano [sic] surely remembers when I [redacted] so that my father would not beat him.[9] My mother in law continued where I left off and for all the sacrificing and abuse we took, [the defendants] showed their gratitude by stealing our rightful share of my father's estate.

R. DeMeo. Aff. at 16. Neither the insulting behavior nor the ingratitude that Rachel DeMeo ascribes to her siblings and their spouses sets forth a viable claim that the defendants conspired to

---

[9] I omit the affirmation's description of the specific action Rachel DeMeo claims to have take to shield Stephano Morelli from Agostino's abuse to avoid needless embarrassment and because it has no bearing on my analysis.

deprive Rachel DeMeo of her civil rights – or indeed that they are liable to Rachel DeMeo under any other legal theory that I can identify.

For the reasons set forth above, I conclude that the Amended Complaint fails to state any cognizable legal claim by either plaintiff against any defendant, and also that Michael DeMeo lacks standing for his claims and that all of the non-RICO claims are untimely. As a result, I respectfully recommend that the court dismiss the Amended Complaint. The foregoing analysis, standing alone, however, does not address whether the plaintiffs should be permitted a further opportunity to amend their complaint or if instead the dismissal should be with prejudice. I recommend the latter. My analysis of the defects in the Amended Complaint discussed above can come as no surprise to the DeMeos; to the contrary, they largely track, albeit with more elaboration, the problems I discussed with them at the initial conference. In short, the record clearly demonstrates that the plaintiffs have already sought to draft a pleading that would present their claims in a manner most likely to withstand criticisms based on standing, timeliness, or sufficiency on the merits. Under those circumstances, allowing the plaintiffs a further opportunity to amend would be futile, and would needlessly impose additional litigation burdens on the defendants. I therefore respectfully recommend that the case be dismissed with prejudice.

III.     Recommendation

For the reasons set forth above, I respectfully recommend that the court grant the defendants' motions and dismiss the plaintiffs' Amended Complaint in its entirety and with prejudice.

IV.     Objections

This Report and Recommendation will today be mailed to each party. Any objections to this Report and Recommendation must be received in the Pro Se Office of the Clerk of the Court

for the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, no later than March 18, 2011. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated: Brooklyn, New York
 March 1, 2011

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge